UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DATRICE LOWRY-KRISTOF, | : |
| Plaintiff, | : No. 3:21-CV-305(VLB) |
| v. | : |
| | : December 10, 2021 |
| JANET YELLEN ET AL., | : |
| Defendants. | : |

**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. 12]**

This is an employment discrimination case brought by Datrice Lowry-Kristof ("Plaintiff") against Janet Yellen, Secretary of United States Department of Treasury, Lori Haddad, Supervisory Revenue Officer with the Internal Revenue Service ("IRS"), and Michael Guth, Territory Manager with the IRS. [Compl., Dkt. 1]. Plaintiff alleges Defendants discriminated against her on the basis of her race and her disability in (1) failing to accommodate her disability and (2) constructively discharging her. [*Id.*].

Before the Court is Defendants' Motion to Dismiss all claims brought against Haddad and Guth arguing that individual supervisors are not subject to liability under Title VII or the Rehabilitation Act. [Mot., Dkt. 12]. Defendants also move to dismiss the constructive discharge claim, arguing Plaintiff failed to properly and timely exhaust her administrative remedies to that claim. [*Id.*]. Plaintiff filed an opposition, only responding to the motion to dismiss the constructive discharge claim, arguing that the constructive discharge claim has been properly and timely

1

exhausted as it is reasonably related to other claims timely and properly brought before the EEOC. [Opp., Dkt. 25]. Plaintiff has not responded to Defendants' motion to dismiss the claims brought against the individual supervisors. [*Id.*].

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.

I. BACKGROUND

Plaintiff, at all relevant times, was employed with the IRS Small Business/Self Employed Operating Division, Collection Operations, Field Collections, Norwalk Territory as a Revenue Officer in the Norwalk, Connecticut. [Compl. at ¶ 8]. Plaintiff's direct supervisors were Defendant's Haddad and Guth. [*Id.* at ¶ 9]. On several occasions in 2015, Plaintiff heard fellow employees openly and joyously comment that African Americans never made it in the unit Plaintiff was assigned to. [*Id.* at ¶ 10]. Plaintiff observed a fellow African American Revenue Officer be the subject of racial discrimination in the department. [*Id.* at ¶ 11]. When that Revenue Officer was transferred out, Plaintiff was then subject to the racial discrimination she previously observed. [*Id.* at ¶ 12].

Early into her experience in her division, Plaintiff was receiving satisfactory to good performance appraisals. [*Id.* at ¶ 13]. On or about January 2018, Haddad issued a "Minimally Successful" rating of Plaintiff's performance in 2017. [*Id.* at ¶ 14]. Then in October 2018, Plaintiff was placed in a 60-day Performance Improvement Program ("PIP"). [*Id.* at ¶ 15]. PIP is a program intended to assist struggling employees by providing training through a job coach, who is an experienced fellow employee. [*Id.* at ¶ 16].

Though job coaches are optimally on-site fellow employees, Haddad and/or Guth assigned Plaintiff an off-site coach instead, over Plaintiff's objections. [*Id.* at ¶ 19]. Haddad told Plaintiff she looked for an on-site coach, but no one agreed. [*Id.* at ¶ 20]. Plaintiff surveyed persons in her unit who could have been assigned as a job coach, and the response was that Haddad had not asked any of them to fill that role. [*Id.* at ¶ 21]. Plaintiff was stationed far away from her assigned coach, who was of little help. [*Id.* at ¶¶ 22–23].

Plaintiff knows of another employee who received an on-site job coach on two separate occasions. [*Id.* at ¶ 24]. This employee is stationed in a different office, in Norwalk, Connecticut. [*Id.*].

On November 7, 2018, shortly into her PIP placement, Plaintiff fell while on duty and suffered a serious injury to her wrist and arm. [*Id.* at ¶ 26]. This injury caused her to miss work between November 7, 2018 and December 9, 2018. [*Id.*]. When she returned, she was restricted to a four-hour workday on doctor's orders. [*Id.* at ¶ 27]. While on light duty, it was impossible for Plaintiff to perform her normal work duties. [*Id.* at ¶ 29]. Also during her PIP period, the government shut down between December 22, 2018 and January 25, 2019. [*Id.* at ¶ 30].

Plaintiff requested an extension of her PIP period from 60 days to 120 days considering her limited ability to improve during her limited work duty and the government shutdown. [*Id.* at ¶¶ 33–34]. Specifically, Plaintiff sought an accommodation through an extension of the PIP to account for her disability to her wrist and arm. [*Id.* at ¶ 34]. Haddad and Guth refused. [*Id.* at ¶ 35].

On March 23, 2019, Plaintiff terminated the PIP. [*Id.*]. On April 24, 2019, Haddad issued an annual evaluation of Plaintiff reducing her rating. [*Id.* at ¶ 36]. On June 25, 2019, Plaintiff received a letter from Guth informing her of his proposal to terminate Plaintiff any time after thirty days. [*Id.* at ¶ 36].

On August 9, 2019, Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC") regarding her treatment. [*Id.* at ¶ 42]. The Department of Treasury issued a letter indicating that the claims accepted for investigation were:

> Was Complainant discriminated against on the bases of race (Black) and disability when:
> 1. She received an "Unacceptable" (2.80) rating on her Performance Appraisal dated April 24, 2019;
> 2. She was not provided an on-site Revenue Officer to serve as her job coach during her Performance Improvement Period (PIP) starting on October 23, 2019; and
> 3. She was denied reasonable accommodation when she was not granted an extension of that PIP, which ended March 23, 2019, to account for her medical absences?

[Mot. at Ex. A at p.1]. 180 days have elapsed since the filing of the charge without a decision from the EEOC. [Compl. at ¶ 43].

On August 21, 2019, Haddad informed Plaintiff she would be fired. [*Id.* at ¶ 38]. The next day, Plaintiff resigned from her position to avoid losing her health insurance for herself and her blind husband. [*Id.* at ¶ 39]. Plaintiff did not amend her EEOC complaint to address her resignation following her initial charge. [Mot. at Ex. B].

Plaintiff raises two claims in her complaint. First, Plaintiff raises a racial discrimination claim against Defendants, generally alleging that Defendants discriminated against her on the basis of her race by failing to provide her with an

on-site job coach leading to her constructive discharge. [*Id.* at ¶ 44]. Second, Plaintiff raises an Americans with Disabilities Act ("ADA") claim alleging that Defendants failed to provide her with a reasonable accommodation in extending her PIP period. [*Id.* at ¶ 45].

## II. LEGAL STANDARD

Defendants seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows a party to assert by motion a defense that the court lacks subject matter jurisdiction. Rule 12(b)(6) allows a party to assert by motion a defense that the complaint fails to state a claim upon which relief can be granted. Rules 12(b)(1) and 12(b)(6) have similar legal standards. *See Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), *abrogated on other grounds recognized by Am. Psych. Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2d Cir. 2016). There are recognized differences when factual disputes exist, when determining whether dismissal should be with or without prejudice, and in which party bears the burden of proof. *See United States ex rel. Daugherty v. Tiversa Holding Corp.*, 342 F. Supp. 3d 418, 425 n.1 (S.D.N.Y. 2018).

When ruling on a motion to dismiss pursuant to Rule 12(b)(1), the "court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). When facts are disputed, the court may refer "to evidence outside the pleadings, such as affidavits and if necessary, hold an evidentiary hearing." *Id.* "A plaintiff asserting subject matter jurisdiction has

the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

"To survive [a Rule 12(b)(6)] motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Not all allegations in a complaint are entitled to the presumption of truth. *Id.* Conclusory allegations that are no more than "legal conclusions" or "[t]hreadbare recitals of elements of a cause of action" are not entitled to the presumption of truth. *Id.* If after considering the well-pled factual allegations the court finds that the complaint does not raise a plausible claim for relief, the court should dismiss the case. *Id.* at 679. The plausibility standard is more than mere possibility of misconduct. *Id.* Further, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Rivera v. Westchester Cty.*, 488 F. Supp. 3d 70, 75–76 (S.D.N.Y. 2020) (citing to *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)). The defendant bears the burden of proof on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014).

### III.    DISCUSSION

Defendants move to dismiss (1) all claims against the individual supervisor defendants and (2) any claim with respect to Plaintiff's constructive discharge. Each are addressed below.

#### A.    Individual Defendants

Defendant argues that Plaintiff's claims against Haddad and Guth should be dismissed because these individual supervisors are not subject to liability under Title VII or the Rehabilitation Act.  Plaintiff has not responded to Defendant's motion to dismiss the claims against the individual defendants.

Plaintiff filed an opposition to Defendant's Motion to dismiss; but has abandoned these claims by failing to oppose their dismissal. *Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08–CV–442 (TPG)(FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage ..., a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, No. 06–CV–643 (GEL), 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007) (deeming abandoned claims which the opposition filed did not appose dismissal); *Felix v. City of New York*, 344 F. Supp. 3d 644, 654–55 (S.D.N.Y. 2018) ("Courts 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.) (citing to *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) and *Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08-CV-442 (TPG), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014)).

**Even if Plaintiff did not abandon these claims, these claims must be dismissed because individual supervisors are not subject to liability under Title VII and the Rehabilitation Act.  See *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("Title VII individual supervisors are not subject to liability."); *Romand v. Zimmerman*, 881 F. Supp. 806, 812 (N.D.N.Y. 1995) ("Just as with Title VII, a number of courts have held that individuals may not be held liable under the ADA and Rehabilitation Act because the statutory definition of "employers" shows that these statutes were not meant to impose [institutional rather than] individual liability on employees" to achieve the statutory objective of banning discrimination).**

**Therefore, the claims brought against Haddad and Guth are dismissed.**

### B. Constructive Discharge Claim

**Defendant argues that Plaintiff's constructive discharge claim is barred and should be dismissed because Plaintiff failed to properly and timely exhaust her administrative remedies as to this claim.  Defendant argues that, because Plaintiff did not renew her EEOC claim to include her constructive discharge, which occurred shortly after her EEOC complaint was filed, she has failed to exhaust her administrative remedies with regard to that claim.  Plaintiff argues that the constructive discharge claim is reasonably related to the claims contained in the EEOC complaint.  Defendants did not respond to Plaintiff's argument or otherwise address whether the constructive discharge claim was reasonably related to the claims contained in the EEOC complaint.**

"Under both Title VII and the ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001) (citing to 42 U.S.C. § 2000e-5(e) and (f)). "Exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." *Id.*

The Second Circuit has "recognized, however, that 'claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency.'" *Id.* Reasonably related claims include: (1) claims which "would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge"; (2) claims "alleging retaliation by an employer against an employee for filing an EEOC charge"; and (3) claims alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts v. N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402–03 (2d Cir. 1993) *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Service Care,* 163 F.3d 684 (2d Cir.1998)

With respect to the third type, the Second Circuit notes that "[s]uch an incident might not fall within the scope of the EEOC investigation arising from the charge, since it might occur after the investigation was completed, . . ." *Id.* at 1403. The court explained that "the values associated with exhaustion are not entirely lost because the EEOC would have had the opportunity to investigate, if not the

particular discriminatory incident, the method of discrimination manifested in prior charged incidents." *Id.*

In *Boateng v. Apple Health Care, Inc.*, 156 F. Supp. 2d 247, 251–52 (D. Conn. 2001), the district court found that the plaintiff's constructive discharge claim was reasonably related to the discrimination claims detailed in the plaintiff's EEOC charge and was thus properly exhausted. There, the plaintiff alleged in the EEOC charge a practice of harassment and retaliation targeted against the plaintiff based on her race. *Id.* Months following her EEOC charge, she alleged she was constructively discharged. *Id.* The court noted that the only distinction in events that occurred before and after the EEOC charge related to the names of the co-workers supposedly engaged in the discriminatory conduct. *Id.* at 252. The court found this small distinction was of no consequence because the claims related to the discharge and the other claims were carried out in "precisely the same manner" as those claims brought before the EEOC. *Id. See also Saaidi v. CFAS, LLC*, 740 F. Supp. 2d 357, 365 (N.D.N.Y. 2010) (finding that the plaintiff's constructive discharge claim survived, even though not explicitly referenced in an EEOC complaint, because the discharge "claim appears to rely largely on allegations of the same type of retaliatory practices—practices alleged to have continued after the filing of the EEOC complaint.")

Here, Plaintiff's case is substantially similar to that in *Boateng*. Like in *Boateng*, Plaintiff's alleged constructive discharge occurred shortly after she filed her EEOC charge. Also, like *Boateng*, the allegations that make her constructive discharge actionable—the allegations of racial discrimination and failed to

accommodate—were properly before the EEOC during their investigation. Plaintiff does not assert that her discharge was for any reason other than the reasons contained in the EEOC complaint. Rather, Plaintiff suggests that her discharge was the culmination of a practice of discrimination against Plaintiff, which was properly before the EEOC.

The only additional fact not before the EEOC for investigation was that Plaintiff was told she would be fired shortly before she resigned. However, Plaintiff does not allege that that interaction was discriminatory in and of itself. Thus, the distinction is not a basis for finding the constructive discharge claim is not reasonably related to the claims raised in the EEOC charge. In other words, the actionable allegations that make up the instant litigation were within the scope of the EEOC investigation.

The Court finds Plaintiff's constructive discharge claim is reasonably related to those filed with the EEOC and thus Plaintiff timely and properly exhausted her administrative remedies to the claim.

## IV. CONCLUSION

For the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. The claims brought against Defendants Lori Haddad and Michael Guth are DISMISSED. The Clerk is directed to remove those defendants from this case. The constructive discharge claim will PROCEED.

IT IS SO ORDERED.

                                                                  _____
                                                                  Hon. Vanessa L. Bryant
                                                                  United States District Judge

**Dated this day in Hartford, Connecticut**